GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 338*—*when insurer bound by acts of physician.* A life insurance company is bound by the acts of its regular examining physician who acts within the scope of his authority in filling out the application for insurance.

2. INSURANCE, § 904*—*when evidence shows statement of true age at time of application.* Evidence in action on a benefit certificate *held* to sustain plaintiff's claim that insured in applying for insurance gave her true age to defendant's physician, but the latter inserted an incorrect age, the applicant at the time having been about two months under the minimum age required for membership.

3. APPEAL AND ERROR, § 1256*—*when party cannot complain of error.* A party to an action cannot complain of an instruction in his favor.

---

## The People of the State of Illinois, Defendant in Error, v. John R. Brown, Plaintiff in Error.

### Gen. No. 20,546.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded with directions. Opinion filed April 28, 1915.

### Statement of the Case.

Prosecution by The People of the State of Illinois in the Municipal Court against John R. Brown for the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

violation of an order of the Municipal Court to pay his wife ten dollars per week. To reverse the final order of judgment of the court, defendant brings error.

WILLIAM B. DENMARK, for plaintiff in error; GEORGE H. SUGRUE, of counsel.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 39*—*when appearance referable to recognizance and not attachment.* Where a party who has entered into a recognizance for his appearance in court in case he violates an order of the court makes his appearance in court after a writ of attachment has been issued against him for the violation of such order but not served, his appearance is not properly referable to the command in the writ but to the provisions of the recognizance.

2. HUSBAND AND WIFE, § 275*—*when judgment erroneous on prosecution for abandonment.* Where in a prosecution for wife abandonment the court ordered defendant to pay a certain amount weekly to his wife, and thereafter, on information that defendant had defaulted in his payments, entered final judgment sentencing him to the House of Correction, such judgment, to be valid, must contain a recital finding that defendant had violated the prior order by defaulting in his payments.

3. HUSBAND AND WIFE, § 272*—*how Wife Abandonment Act construed.* The Wife Abandonment Act being a criminal statute must be strictly construed.

4. CRIMINAL LAW, § 601*—*when not remanded for new trial on reversal.* In a prosecution for wife abandonment, if there are no assignments of error which question the proceedings prior to the entry of final judgment, on appeal the case will not be remanded for a new trial, but the judgment will be reversed and the cause remanded with leave to defendant to move for a proper judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.